FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| LINDA D.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No: 1:24-CV-03073-LRS<br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS |

BEFORE THE COURT are the parties' briefs. ECF Nos. 9, 13. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Shata L. Stucky. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below,

---

[1] The Court identifies a plaintiff in a Social Security case only by the first name and last initial to protect privacy. See Local Civil Rule 5.2(c).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 1

Plaintiff's brief, ECF No. 8, is granted in part and Defendant's brief requesting remand, ECF No. 14, is granted.

## JURISDICTION

Plaintiff Linda D. (Plaintiff), filed for supplemental security income (SSI) on December 14, 2018, and alleged an onset date of December 1, 2018.  Tr. 211-16. Benefits were denied initially, Tr. 141-44, and upon reconsideration, Tr. 148-54. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on July 21, 2020.  Tr. 54-94.  In August 2020, the ALJ issued an unfavorable decision, Tr. 14-37, and in February 2021, the Appeals Council denied review.  Tr. 1-7.  Plaintiff appealed to the United States District Court for the Eastern District of Washington and in March 2022, the undersigned issued an order reversing and remanding the case for further administrative proceedings. Tr. 1003-1019.

A second hearing was held on February 20, 2024. Tr. 932-71. In March 2024, the ALJ issued a decision finding Plaintiff disabled as of September 9, 2023, but not disabled before that date. Tr. 895-25. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 2

Plaintiff was born in 1981 and was 37 years old at the time of the alleged onset date. *See* Tr. 56. She testified that she went to school until 11th grade and tried to get her GED but was unsuccessful. Tr. 70, 947. She has work experience sorting and packing fruit. Tr. 71, 87. Plaintiff testified that she has bipolar, PTSD, ADHD and ADD, anxiety and depression. Tr. 66, 68. She testified that she has a hard time being around people because she gets angry and gets panic attacks. Tr. 71. She has a history of substance abuse but testified that she had been clean since 2016 or 2017. Tr. 74-75, 957-58. Physically, her hands and feet swell and go numb which causes pain. Tr. 949.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 3

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 5

claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 6

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the date of application, December 14, 2018. Tr. 900. At step two, the ALJ found that Plaintiff has the following severe impairments: intellectual disability, depressive disorder, attention deficit hyperactivity disorder, posttraumatic stress disorder, and substance use disorder in partial remission. Tr. 900-01. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 901.

The ALJ then found that before September 9, 2023, the date Plaintiff became disabled, the Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following additional limitations:

> She is able to understand, remember, and carry out simple instructions and tasks; she is able to use judgment to make simple work related decision[s]; she cannot perform work requiring a specific production rate (such as assembly line work) or work that requires hourly quotas; she can deal with only rare changes in the work setting; she can have no contact with the public; she is capable of working in proximity to but not in coordination with coworkers; she can have occasional contact with supervisors; she

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 7

can never work at heights or in proximity to hazardous conditions; and she can never drive.

Tr. 902. The ALJ then found that since September 9, 2023, Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following additional limitations:

> She is unable to understand, remember, and carry out simple instructions and tasks for two hours out of an eight-hour workday; she is unable to use judgment to make simple work related decisions for two hours out of an eight-hour workday; she cannot perform work requiring a specific production rate (such as assembly line work) or work that requires hourly quotas; she can deal with only rare changes in the work setting; she can have no contact with the public; she is capable of working in proximity to but not in coordination with coworkers; she can have occasional contact with supervisors; she can never work at heights or in proximity to hazardous conditions; and she can never drive.

Tr. 909.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 913.  At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that before September 9, 2023, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform such as marker, router, and inspector, hand packager. Tr. 913. The ALJ found that beginning September 9, 2023, no jobs exist in significant numbers in the national economy that Plaintiff can perform. Tr. 914.  Thus, the ALJ found that Plaintiff was not disabled before September 9, 2023,

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 8

but became disabled on that date and has continued to be disabled through the date of the decision. Tr. 914.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act.  ECF No. 9.  Plaintiff raises the following issues for review:

1. Whether the ALJ properly found disability began on September 9, 2023;

2. Whether the ALJ properly evaluated the symptom testimony before September 9, 2023;

3. Whether the ALJ properly evaluated the lay witness statements before September 9, 2023;

4. Whether the ALJ properly considered the medical opinion evidence before September 9, 2023;

5. Whether the ALJ should have evaluated Plaintiff's physical conditions; and

6. Whether the matter should be remanded for an award of benefits.

ECF No. 9 at 2.

## DISCUSSION

There is no dispute regarding the ALJ's finding that Plaintiff was disabled as of September 9, 2023.[2] The issue in this case is whether the ALJ should have found

---

[2] Although there is no stated dispute about this finding, Plaintiff points out the ALJ gave no reason for finding disability as of that date, raising the question of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 9

Plaintiff to be disabled for the entire period from her alleged onset date of December 1, 2018 through and after September 9, 2023. As noted above, Plaintiff asserts five assignments of error regarding the ALJ's findings for the period before September 9, 2023 and argues the matter should be remanded for an award of benefits. Defendant concedes the ALJ made legal errors but contends the matter should be remanded for further proceedings.

The Social Security Act permits the district court to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also Garrison*, 759 F.3d at 1019. When a district court reverses the decision of the Commissioner of Social Security, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir.2015) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Although a court should generally remand to the agency for additional investigation or explanation, the court also has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).

---

whether the finding was supported by substantial evidence in the first instance. The date that the claimant first met the statutory definition of disability must be supported by the medical and other evidence and be consistent with the nature of the impairment. Social Security Ruling 18-1p (effective October 2, 2018).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 10

Under the credit-as-true rule, the Court may order an immediate award of benefits only if three conditions are met: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, (2) there are no outstanding issues that must be resolved before a disability determination can be made and further administrative proceedings would serve no useful purpose, and (3) when considering the record as a whole and crediting the improperly discounted testimony as true, there is no doubt as to disability. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). However, even if all three criteria are met, the decision to remand for an award of benefits or remand for further proceedings is within the district court's discretion. *Id.*

The first step of the credit-as-true rule is met, as noted above. The next question is whether there are any outstanding issues which must be resolved by the ALJ.

Plaintiff argues that because the ALJ found Dr. Billings' observations and testing persuasive for the period beginning September 9, 2023, and because the ALJ found the 2019 lay witness statements of Plaintiff's sister, stepfather, mother, family friend, friend, and mother of her girlfriend is "generally consistent" with Dr. Billings' September 2023 observations and testing, the only logical conclusion is that Plaintiff was disabled since the date of onset. ECF No. 14 at 3-4.

The Court disagrees. There are inconsistencies in the evidence that preclude Plaintiff's "only logical conclusion." To begin with, the ALJ made a specific finding

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 11

that for the period before September 9, 2023, to the extent the six witness statements suggest greater limitations than the RFC for that period they are out of proportion to and not corroborated by the longitudinal record. Tr. 906-08. Second, the ALJ found the much less limiting opinions of the state agency mental consultants, Drs. Harrison and Gardner, persuasive for the period before September 9, 2023. Tr. 904.  Both of these findings are inconsistent with the Plaintiff's conclusion. Plaintiff disputes both findings, but as discussed below, the persuasiveness and weight of the evidence is an issue for the ALJ on remand.

### 1. Medical Opinions

As Defendant concedes, the ALJ erred by failing to adequately address the supportability factor for the opinions of Dr. Billings and Dr. Genthe. The regulations provide an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  The ALJ is required to explain how supportability and consistency are considered.  20 C.F.R. § 416.920c(b)(2). Failure to do so constitutes error. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (holding an ALJ can reject a doctor's opinion as unsupported or inconsistent if the ALJ "provide[s] an explanation supported by substantial evidence."

The ALJ failed to address the functional assessment portion of Dr. Billings report which was completed in September 2023. ECF No. 13 at 10. And, the ALJ

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 12

also failed to consider supportability for the opinions of Drs. Harrison and Gardner.[3] Therefore, the ALJ's failure to properly consider any of the psychological opinions means there is an outstanding conflict that must be resolved by the ALJ, not this Court.

### 2. Symptom Statements

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully supported prior to September 9, 2023." Tr. 903. The ALJ gave four reasons for this finding: (1) the ALJ found the self-reports, findings and observations during routine appointments do not

---

[3] Defendant contends the ALJ's statement that Drs. Harrison and Gardner "did not have an opportunity to examine the claimant or to review the updated record" constitutes the supportability finding. In evaluating supportability, the more relevant the objective medical evidence and supporting explanations provided by a medical source to support his or her opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1)-(2). The doctors' review of the record or lack of examinations of their own do not constitute supporting explanations. Dr. Gardner and Dr. Harrison both noted the evidence in the record which impacted their assessments and each provided narrative explanations. *See* Tr. 116-18, 130-32. These should have been considered by the ALJ in evaluating the supportability of the opinions.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 13

corroborate the severity or frequency of symptoms alleged; (2) reports of improvements; (3) daily activities; and (4) Plaintiff's inconsistent statements. Tr. 903-04. Plaintiff contends the ALJ's reasoning is not supported by the record. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); Social Security Ruling 16-3p. For example, Plaintiff argues the ALJ's finding that she sometimes reported improved symptoms is inconsistent with some of the medical opinions. On remand, a new assessment of Plaintiff's subjective symptom statements is necessary.

### 3. *Lay Witness Statements*

As noted above, the ALJ found the limitations indicated in six lay witness statements out of proportion to and not consistent with the longitudinal record for the period before September 9, 2023. Tr. 906-08. Because this finding relies in part on consideration of the medical opinions and Plaintiff's symptom statements, and for the other reasons discussed above, the lay witness statements will also be reconsidered on remand.

### 4. *Physical Disorders*

Plaintiff contends the ALJ failed to properly evaluate her physical disorders. The ALJ found the physical impairment of hepatitis C and other physical impairments mentioned only sporadically, were acute or transient, appear to have resolved, have been responsive to treatment, or did not otherwise cause more than

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 14

minimal workplace limitations, and therefore found that any physical impairments are nonsevere. Tr. 901. Plaintiff contends the ALJ failed to consider her testimony and medical records indicating physical symptoms such as swelling and pain in her hands and feet. ECF No. 9 at 20. In light of the need to remand this case for further proceedings, the ALJ will also revisit the evaluation of physical symptoms and evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014). The Court directs this matter be assigned to a different ALJ on remand.

**Accordingly, IT IS HEREBY ORDERED:**

1. Plaintiff's Brief, **ECF No. 9**, is **GRANTED in part** regarding Plaintiff's request to remand the case and **DENIED in part** regarding Plaintiff's request to remand for an award of benefits.

2. Defendant's Brief Requesting Remand, **ECF No. 13**, is **GRANTED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 15

4. On remand, the ALJ shall reconsider the period before September 9, 2023; shall reconsider the medical and other evidence, including but not limited to the medical opinion and prior administrative medical finding evidence pursuant to 20 C.F.R. § 416.920c; offer Plaintiff an opportunity to submit additional evidence; further develop the record as necessary; and issue a new decision.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 30, 2026.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 16